UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Burris, | ) C/A No. 3:09-3114-HFF-JRM |
| Plaintiff, | ) |
| vs. | ) |
| Investigator Joey Crosby; | ) |
| Investigator C. Allen; | ) Report and Recommendation |
| PTL (Ofc) Nathan Howitt, 7740, | ) |
| Defendants. | ) |

The Plaintiff, Craig Burris (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pre-trial detainee at the Georgetown County Detention Center (GCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names three employees of the Myrtle Beach Police Department as Defendants.[2] Plaintiff's complaint seeks monetary damages and injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

In June of 2008, Plaintiff was interviewed by Defendant Investigator Joey Crosby regarding a murder which occurred on or about June 6, 2008. Plaintiff indicates that he voluntarily went to the police department for questioning and gave consent for the police to search his vehicle. Upon completion of the interview, Plaintiff was permitted to leave the police department. (Complaint, page 4).

Two months later, on August 6, 2008, Plaintiff was arrested pursuant to an arrest warrant. Plaintiff was transported to the Myrtle Beach Police Department Complex shortly after his arrest. Approximately two days later, Plaintiff was transferred to a detention center. Plaintiff states that he has remained in detention since that time. Plaintiff claims Defendant Crosby's "incompetence" set off a "barrage of major constitutional violations." (Complaint, page 5). Plaintiff further complains that he has been denied "the opportunity to request or decline a preliminary hearing," and that he was not indicted within four grand jury terms. (Complaint, pages 5-6).

On September 8, 2009, Plaintiff's bond was set at one hundred thousand dollars ($100,000). Plaintiff believes his bond amount is unconstitutional and constitutes "excessive bail." Plaintiff states that he "can't even afford to pay for a lawyer more less to even think about meeting such a outragous [sic] bond." (Complaint, page 6). Defendant Investigator C. Allen and Defendant P.T.L. Nathan W. Howitt are investigators/officers employed by the Myrtle Beach Police Department. These two Defendants were involved in the investigation of the June 2008 murder, for which Plaintiff has been charged. (Complaint, page 3).

The relief section of the instant complaint alleges that Plaintiff has been "illegally seized and stripped of [his] liberty." Plaintiff further claims that he has been "denied due process of the law" and asks this Court to "order that a preliminary hearing be held to show how probable cause was

established for an arrest warrant." Plaintiff also asks the Court to "order that my bond be reset at a more reasonable amount." Plaintiff seeks monetary damages for "everyday [that he has] been illegally detained." (Complaint, page 8).

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's complaint asks the Court to "order that a preliminary hearing be held" in Plaintiff's pending state criminal case. Plaintiff also asks the Court to lower Plaintiff's bond. However, in *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris*, 401 U.S. 37 (1971). *See also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44.

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial

proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff's complaint indicates that he has been charged with murder and is currently detained, pending trial. Clearly an ongoing state criminal proceeding exists, therefore, the first abstention prong is satisfied. The second criteria, implication of important state interests, is also satisfied since South Carolina's administration of its criminal justice system "free from federal interference is one of the most powerful considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).

In discussing the third "adequate opportunity" criteria, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 904(quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Plaintiff will have sufficient opportunity, during his state criminal proceedings, to challenge the existence of probable cause for the issuance of Plaintiff's arrest warrant. As such, this Court should abstain from granting Plaintiff's requests for injunctive relief.

Plaintiff also claims that he has been "illegally seized" and seeks monetary damages, in the amount of "$350.00," for each day he has been "illegally detained." (Complaint, page 8). However, to the extent Plaintiff is alleging false arrest, such a claim must fail. To state a cognizable § 1983 claim for false arrest, a plaintiff must claim an arrest was made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998)("a claim for false arrest may be considered only when no arrest warrant has been obtained"). Plaintiff's complaint indicates that a warrant, No.

J738352, was issued for his arrest for the offense of murder.[3] As Plaintiff was clearly arrested pursuant to a warrant, his allegations of illegal seizure/false arrest are subject to summary dismissal.

Plaintiff further claims that his bond amount constitutes "excessive bail." However, Plaintiff fails to demonstrate how, in light of the seriousness of his charge, Plaintiff's one hundred thousand dollar ($100,000) bond is excessive or unreasonable. *See Lau v. Adams*, No. CV 06-6989 JSL (FMO), 2009 WL 453055 at *15 (C.D. Cal. Feb 23, 2009)(holding that $1,000,000 bail for a pre-rial detainee facing a murder charge was not excessive). Absent any supporting factual information, Plaintiff's lone general statement that his bail is excessive is insufficient to state a claim under § 1983. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion").

Plaintiff appears to rely on his inability to pay the bond amount as the sole basis for the excessive bail claim. However, bail is not excessive within the meaning of the Eighth Amendment merely because a detainee cannot pay it. *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir.)(collecting cases); *White v. Wilson*, 399 F.2d 596, 598 (9th Cir. 1968); *Nelson v. NFN Kitchen*, C/A No. 6:09-567-JFA-WMC, 2009 WL 1140361 at *4 (D.S.C. April 27, 2009). Therefore, Plaintiff's excessive bail claim is subject to summary dismissal.

Finally, Plaintiff alleges that Defendant Crosby was incompetent and negligent in performing job duties related to Plaintiff's criminal case. (Complaint, pages 5,6). The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v.*

---

[3] Plaintiff provided a copy of his arrest warrant to the Court. (Docket Entry No. 1, Exhibit 1).

*Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). As negligence is not a constitutional violation, Plaintiff's claims regarding Defendant Crosby's alleged incompetence fail to state a claim under § 1983. For the above stated reasons, the instant complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

December 22, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).